IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

**EVERY RICHARDSON,**
**ADC #139311**                                                                                            **PLAINTIFF**

**V.**                 **CASE NO. 5:19-CV-188-KGB-BD**

**ESTELLA BLAND and**
**CORRECT CARE SOLUTIONS**                                      **DEFENDANTS**

## RECOMMENDED DISPOSITION

**I.**     **Procedure for Filing Objections**

This Recommendation for the dismissal of Mr. Richardson's claims has been sent to Judge Kristine G. Baker. The parties may file written objections to this Recommendation if they disagree with its findings or conclusions. Objections should be specific and should include the factual or legal basis for the objection.

To be considered, objections must be received in the office of the Court Clerk within 14 days of this Recommendation. If no objections are filed, Judge Baker can adopt this Recommendation without independently reviewing the record. By not objecting, the parties may waive any right to appeal questions of fact.

**II.**     **Discussion**

    A. Background

Every Richardson is an Arkansas Division of Correction (ADC) inmate. He filed this civil rights lawsuit on behalf of himself, James McAlphin, and Kevin Shelton. (Doc. No. 2) Pursuant to Court policy, the case was filed as three separate lawsuits.

Mr. Richardson claimed that Defendant Bland failed to provide him adequate medical care for his wounded ankles in June of 2016; but because he had previously litigated his claim that Ms. Bland had not provided adequate care for his ankle wound, the Court recommended that the claims be dismissed. (Doc. No. 4) After reviewing the Recommendation, Judge Baker agreed that Mr. Richardson could not relitigate his deliberate-indifference claim against Defendant Bland, but she allowed him to proceed with a retaliation claim against Defendant Bland. (Doc. No. 5)

After Judge Baker's ruling, Defendant Bland filed a motion for a more definite statement under Rule 12(e) of the Federal Rules of Civil Procedure. (Doc. No. 7) Because the complaint included the claims of three Plaintiffs, Defendant Bland asked Mr. Richardson to identify which retaliation claim was his and state "the corresponding dates related to a claim of retaliation." The Court granted Defendant Bland's motion. (Doc. No. 12) Mr. Richardson responded to Defendant Bland's motion, and Defendant Bland filed an answer to the complaint. (Doc. Nos. 13, 15)

Now pending is Defendant Bland's motion for summary judgment. (Doc. No. 24) Mr. Richardson has responded to the motion, and Defendant Bland has replied. (Doc. Nos. 28, 29, 30, 31)

B.   Retaliation

Mr. Richardson alleges that, on June 6, 2016, Defendant Bland falsely documented that his ankle wounds were healed and cancelled the order for weekly dressing changes. (Doc. No. 25-2 at pp.14-15) In addition, he complains that, on June 17, 2016, Defendant Bland cancelled a pain medication prescription. He alleges that she

2

made these adverse, medically unjustified decisions in retaliation for his use of the grievance procedure. (Doc. No. 13 at pp.2-3)

It is undisputed that, after filing the grievance relevant to this case on June 17, Mr. Richardson filed at least 20 more medical grievances during the remainder of 2016. (Doc. No. 25-2 at p.19) In many of those grievances, Mr. Richardson complained that Defendant Bland failed to provide appropriate medical treatment. (Doc. No. 25-2 at p.19) He testified in his deposition that he filed a similar number of grievances against Defendant Bland in 2017. (Doc. No. 25-2 at p.26)

Mr. Richardson also testified that, after June 2016, members of the ADC medical staff examined him weekly to change his dressings. (Doc. No. 25-2 at p.24) He also stated that Defendant Bland continued to treat his ankle wound. (Doc. No. 25-2 at p.30) It is undisputed that Mr. Richardson's ankle wounds have now healed. (Doc. No. 25-2 at p.32-33)

To prove a retaliation claim, Mr. Richardson must present evidence that he engaged in constitutionally protected activity; that Defendant Bland took adverse action against him that would chill a person of ordinary firmness from engaging in that activity; and that retaliation was the actual motivating factor for the adverse action. *Lewis v. Jacks*, 486 F.3d 1025, 1028 (8th Cir. 2007); *Revels v. Vincenz*, 382 F.3d 870, 876 (8th Cir. 2004). Mr. Richardson bears a substantial burden to produce "affirmative evidence of a retaliatory motive." *Lewis*, 486 F.3d at 1029 (8th Cir. 2007). "Merely alleging that an act was retaliatory is insufficient." *Meuir v. Greene Cty. Jail Emps.*, 487 F.3d 1115, 1119 (8th Cir. 2007).

Here, Mr. Richardson has not come forward with any evidence of Defendant Bland's retaliatory motive. He simply states that "the Courts must entertain the fact that it was done out of retaliation." (Doc. No. 28 at p.1) His allegations are mere speculation. Furthermore, no reasonable fact-finder would conclude that Defendant Bland's alleged conduct would chill a person of ordinary firmness from filing grievances—as evidenced by the fact that Mr. Richardson continued to use the grievance procedure.

Mr. Richardson has failed to create any genuine issue of any fact that would make a difference in how this case is decided. Defendant Bland is entitled to judgment as a matter of law on Mr. Richardson's claim of retaliation.

### III. Conclusion

The Court recommends that Defendant Bland's motion for summary judgment (Doc. No. 24) be GRANTED. Mr. Richardson's retaliation claims should be DISMISSED, with prejudice.

DATED, this 12th day of May, 2021.

_____
UNITED STATES MAGISTRATE JUDGE